IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FREDRICK L. CALDWELL                                                                          PLAINTIFF

V.                                                                       CAUSE NO.: 1:12CV272-SA-DAS

HYDROVAC INDUSTRIAL SERVICES, INC.                                                DEFENDANT

ORDER ON ARBITRATION

Plaintiff claims that his termination from employment violated Title VII as well as the Family Medical Leave Act. In response, Defendant asserts that a valid, binding, and enforceable arbitration agreement exists between Caldwell and his employer. Therefore, Defendant seeks to compel arbitration [8] pursuant to that agreement.

*Factual and Procedural Background*

At the time of his hire at Hydrovac, Plaintiff received an Employee Handbook which stated that "[n]othing contained herein shall create or be construed to create any contractual rights between the Company and any employee." That Handbook further outlined an arbitration provision providing:

> By accepting and continuing the employment relationship, the Company and each employee agree that any controversy, dispute or claim between an employee and the Company, except for disputes involving any employee's obligations involving noncompetition, nonsolicitation and disclosure of information belonging to the Company, shall be settled by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association. Employees and the Company both have the right to pursue the same causes of action and obtain the same damages in arbitration that they could pursue in any court. The effect of this policy is that both employees and the Company are waiving their right to file a lawsuit in court against the other party except as set out in this paragraph.

Caldwell admits to signing an Acknowledgment Form that he understood and agreed that "[n]othing contained in Hydro-Vac Industrial Services, Inc.'s Employee Handbook is intended to

create nor shall be construed as creating a contract of employment, express or implied, or guarantee of employment for a definite or indefinite term." The Acknowledgement further provided that, "Hydro-Vac Industrial Services, Inc. has the right to clarify, amend and/or supplement the information contained in the Employee Handbook." Plaintiff's signature on that document signified that he had "received a copy of the Hydro-Vac Industrial Services, Inc. Employee Handbook, . . . read and understand the information outlined in the handbook, . . . asked any questions I may have concerning its contents and [would] comply with all policies and procedures to the best of my ability."

The Handbook was revised during Plaintiff's employment, in January of 2009, but the arbitration provision was not changed. Defendant attached to its motion an Acknowledgement Form for the revision purportedly signed by Plaintiff, but Plaintiff disputes that his signature appears on that page and claims it is a forgery.

Plaintiff filed this federal lawsuit, and Defendant now moves to compel arbitration of Plaintiff's claim.

*Arbitration Standard*

"When considering a motion to compel arbitration, the court must determine: (1) whether a valid agreement to arbitrate exists between the parties, and (2) whether the dispute at issue falls within the scope of that agreement." Grant v. Houser, 469 F. App'x 310, 314 (5th Cir. 2012). The first question "is governed by ordinary state-law contract principles," and "the strong federal policy favoring arbitration does not apply." Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013) (citations omitted). At step two of the analysis, the Court "appl[ies] the federal policy and resolve[s] ambiguities in favor of arbitration." Id. (citation omitted). If the Court concludes that a valid agreement to arbitrate exists and the subject dispute is within its

2

scope, the Court may consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

*Discussion and Analysis*

Looking to the first step, the Court must determine whether a valid agreement to arbitrate exists between the parties. Plaintiff claims that because the Handbook explicitly disclaimed that document being construed as a contract or creating a contractual relationship between the parties, there was no valid agreement to arbitrate. Further, Plaintiff states that if the provision could be construed as a contract, because the employer could modify the arbitration clause, that promise is illusory.

Arbitration is a contract matter between parties, and a court generally cannot compel a party to arbitrate a dispute unless the parties agreed to arbitrate the dispute in question. VT Halter Marine, Inc. v. Wartsila N. Am., Inc., 511 F. App'x 358, 360 (5th Cir. 2013) (citing Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1064 (5th Cir. 1998)): AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)); Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010) ("We think it is also clear from our precedents and the contractual nature of arbitration that parties may specify with whom they choose to arbitrate their disputes . . . . Nothing in the FAA authorizes a court to compel arbitration of any issues, or by any parties, that are not already covered in the agreement." (internal quotation marks, citations, and alterations omitted)). Courts are to apply ordinary state-law principles governing the formation of contracts in deciding whether the parties agreed to arbitrate a dispute. See Webb v. Investacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115

S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995)). Thus, the defendant has the initial burden of proving a valid contract under Mississippi law. Iuka Guar. Bank v. Beard, 658 So. 2d 1367, 1371 (Miss. 1995) (holding that the proponent of a contract carries the burden of proving its existence).

Under Mississippi law, a valid contract must have the "mutual assent" of the parties. Byrd v. Simmons, 5 So. 3d 384, 388 (Miss. 2009). The Mississippi Supreme Court has explained this requirement:

> Ordinarily one of the acts forming part of the execution of a written contract is the signing of it, and the mere fact that a written instrument purports to be an agreement does not constitute it a binding contract where it is not signed. However, signature is not always essential to the binding force of an agreement, and whether a writing constitutes a binding contract even though it is not signed or whether the signing of the instrument is a condition precedent to its becoming a binding contract usually depends on the intention of the parties. The object of a signature is to show mutuality o[f] assent, but these facts may be shown in other ways, as, for example by the acts or conduct of the parties.

Turney v. Marion Cnty. Bd. of Educ., 481 So. 2d 770, 774 (Miss. 1985) (quoting 17 C.J.S. Contracts § 62 (1963)).

In this case, Defendant asserts that Plaintiff's assent can be inferred by his signature on the Acknowledgment Form and continued employment following receipt of the Employee Handbook containing the arbitration policy. However, in the initial Handbook, the employer explicitly disclaimed the existence of "any contractual rights between the Company and any employee." Thus, the Court finds that there was no mutual assent of the parties to contract in the initial Employee Handbook. Pursuant to the Handbook upon Plaintiff's hire, there was no contractual agreement to arbitrate formalized. However, the January 2009 revision of the Employee Handbook removed the "contractual rights" language and inserted instead that "[n]othing contained herein shall create or be construed to create a contract of employment

between the Company and any employee other than the Acknowledgment of Receipt and Understanding."

Defendant argues that Plaintiff's assent to arbitrate can be inferred from his continued employment. Indeed, in May v. Higbee Co., the Fifth Circuit held that, under Mississippi law, "[c]ontinuing one's employment after receiving notice that continued employment will constitute assent is a recognized manner of forming a contract." 372 F.3d at 764. There, the plaintiff signed an acknowledgment notifying her that she would be "deemed to have agreed" to the terms of an arbitration provision "by virtue of . . . continuing employment" with the defendant. Id. The Court noted that the fact that May signed an acknowledgment merely proved notice and was not itself considered assent to be bound. Carson v. Higbee Co., 149 F. App'x 289, 293 (5th Cir. 2005) (applying May to employee who did not sign).The Fifth Circuit held that having received such notice, the plaintiff manifested her assent by continuing her employment and was bound to the arbitration agreement. Id. In Carson, the Fifth Circuit again noted that the fact that an employee signs the acknowledgment form is "irrelevant to the court's decision" that there was mutual assent to form a contract. 149 F. App'x at 293. Instead, employees manifested their assent to be bound by the arbitration policy by their continued employment when on notice that continued employment would constitute an agreement to be bound. Id (citing May, 372 F.3d at 764).

Here, there is a question of fact as to whether Plaintiff signed the 2009 Acknowledgment or otherwise had notice that continued employment constituted assent to the arbitration provision. Accordingly, an evidentiary hearing on whether Plaintiff signed the 2009 Acknowledgment of Receipt and Understanding is necessary before the Court can further determine whether Plaintiff is contractually bound to arbitrate in this case.

The Court additionally addresses Plaintiff's claims that regardless of whether he signed or not, the arbitration agreement is unenforceable because it is one-sided and illusory. In particular, Plaintiff states that because the Handbook provides that the potential for unilateral change by the Company, and the fact that the Company has the option to seek judicial relief, while the employee does not, makes the agreement substantively unconscionable. The arbitration clause at issue here states that the "effect of this policy is that both employees and the Company are waiving their right to file a lawsuit in court against the other party" with exceptions. Those exceptions to arbitration including "disputes involving any employee's obligations involving noncompetition, nonsolicitation and disclosure of information belonging to the Company. Plaintiff asserts that because the exceptions to arbitration are all claims the employer would bring against the employee, the agreement only applies to the employee. However, the Company must seek all other relief aside from those limited exceptions through arbitration. As noted in Daniels, "[a]n asymmetric exception so limited in scope does not make an arbitration clause unconscionable." Daniels v. Va. College at Jackson, 478 F. App'x 892, 893 (5th Cir. 2012) (citing Sawyers v. Herrin-Gear Chev. Co., 26 So. 3d 1026, 1035 (Miss. 2010) (arbitration clause between car dealer and purchaser enforceable notwithstanding exception allowing car dealer to bring an action to repossess the car in court)). Indeed, courts interpreting Mississippi contract law have consistently held that "mutuality of obligation is not required for a contract to be enforceable and that an arbitration clause is not unenforceable solely because it is one-sided." Griffin v. Abn Amro Mortgage Group, Inc., 2009 U.S. Dist. LEXIS 13883, *5-*6 (N.D. Miss. Feb. 6, 2009) (quoting Family Fin. Servs., Inc. v. Fairley, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001)); see also Shelley v. Coldwell Banker Real Estate Corp., 2006 U.S. Dist. LEXIS 28751, *4-*5 (N.D. Miss. May 11, 2006) (citing McKenzie Check Advance of Miss., LLC v. Hardy,

866 So. 2d 446, 453 (Miss. 2004)); Pridgen v. Green Tree Fin. Serv'g Corp., 88 F. Supp. 2d 655, 659 (S.D. Miss. 2000) (citing Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3d Cir. 1999)). That is, an arbitration clause containing an option by the drafter to use judicial or non-judicial relief to enforce a contract, while requiring the draftee to resort exclusively to arbitration, is not unconscionable. Green Tree Serv'g, LLC v. McGee, 2010 U.S. Dist. LEXIS 36841, *9 (S.D. Miss. Mar. 22, 2010).

Plaintiff claims the arbitration clause is illusory in that the agreement lacked consideration. Plaintiff contends that by the term of the Handbook, the employer at all times maintained the power to amend, revoke, and terminate the promise to arbitrate. However, a closer inspection of the documents reveals that the employer does not have the option to revoke the arbitration clause altogether, only "clarify, amend and/or supplement the information contained in the Employee Handbook." Thus, the arbitration clause *sub judice* is enforceable as written and shall be enforced here.

Accordingly, there exists a question of fact as to whether a valid agreement to arbitrate exists between the parties. The Motion to Compel is DENIED without prejudice until further development of the facts. The Court will schedule an evidentiary hearing on whether Plaintiff's signature on the 2009 Acknowledgement of Receipt is valid by separate notice.

SO ORDERED, this the 31st day of March, 2014.

                                             /s/ Sharion Aycock
                                            **U.S. DISTRICT JUDGE**